MICHAEL B. HORROW (SBN 162917)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com

Attorney for Plaintiff,
JAMES LUZZI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUZZI,<br><br>           Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, HCL AMERICA INC. EMPLOYMENT BENEFIT PLAN and DOES 1 THROUGH 10;<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

    1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

    2.    The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

    3.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations

of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that Defendant, HCL AMERICAN INC. EMPLOYEE BENEFIT PLAN is an employee welfare benefit plan established and maintained by HCL America Inc., a California corporation, to provide its employees with income protection in the event of a disability, and, is the Plan Administrator.

5. Plaintiff alleges upon information and belief that the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine and authorized to transact and transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

7. Plaintiff, JAMES LUZZI ("MR. LUZZI"), at relevant times is, and has been, a resident and citizen of the State of California.

8. Defendant, UNUM, issued Insurance Policy Number #604936 to MR. LUZZI as an eligible employee and beneficiary of the Group Plan at HCL American Inc.

9. The Policy provides for Long Term Disability benefits equal to the lesser of sixty percent (60%) of MR. LUZZI's Pre-disability Earnings prior to the disability date of July 29, 2016.

10. The Plan defines "Disability" as follows:

"Disability" means "total disability" or "partial disability" due to sickness or injury. "Total disability" means for the first 30 months, you are totally disabled when, as a result of sickness or injury, you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way. After benefits have been paid for 24 months of disability you are totally disabled when, as a result of sickness or injury, you are not able to engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training. experience, station in life, and physical and mental capacity. The loss of professional or occupational license or certification does not, in itself, constitute disability. "Partially disabled" means you are not totally disabled and that while actually working in your usual occupation, as a result of sickness or injury you are unable to earn 80% or more of your indexed monthly pre-disability earnings. After benefits have been paid for 24 months, you are partially disabled when you are not totally disabled and that while actually working in an occupation, as a result of sickness or injury you are unable to engage with reasonable continuity in that or in any other occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity. The loss of a professional or occupational license or certification does not, in itself, constitute disability.

11. Prior to his disability, MR. LUZZI worked as a Senior Director of Business Development. Plaintiff's job duties included, but were not limited to, the following: selling technology outsourcing, public speaking, management/supervision, and using a computer to conduct research, create spreadsheets, write reports, write letters, and e-mails. These job duties include lifting, carrying, pushing and pulling up to 10 lbs. occasionally, sitting constantly with occasional standing and walking for brief periods, reaching (at side/desk level and upward/overhead), handling and fingering occasionally and traveling frequently (by vehicle and/or plane) as

acknowledged in UNUM's May 7, 2018 letter.

12. On March 14, 2016 injured his left knee.

13. On July 29, 2016, MR. LUZZI underwent total knee replacement surgery on the left knee. During the procedure, the anesthesiologist broke a needle in MR. LUZZI's spine where the epidural was injected, resulting in spinal fluid leakage. Imaging studies confirmed that MR. LUZZI retained a needle in his spine.

14. On or about July 29, 2016 MR. LUZZI became totally disabled as defined by the Plan.

15. On September 22, 2016, Dr. Robert Montegomery, M.D., executed the questionnaire sent by UNUM and advised that MR. LUZZI remain out of work until October 29, 2016.

16. On October 6, 2016, MR. LUZZI underwent a CT Lumbar Spine without Intravenous Contrast at the Memorial Care Imaging Center as ordered by Dr. Montegomery.

17. In an image report dated October 6, 2016, Dr. Steven S. Lee, M.D., noted "2.2 CM retained needle extending from the right L2-L3 interlaminar space and traversing the spinal canal from anterior-posterior at the L2-L3 level. There is congenital narrowing of the lumbar canal with superimposed spondylotic changes as noted above. Most notably, there is moderate to severe central canal stenosis at L2-L3, and moderate central canal stenosis at L3-L4 and L4-L5. The above findings were discussed with Dr. Sullivan on October 6, 2016."

18. On November 14, 2016, MR. LUZZI underwent a posterior lateral fusion L2 and L3; posterior osteotomy L2 and L3; posterior partial reduction decompression of spondylolisthesis L2, L3; partial laminectomy with bilateral foraminotomy, nerve root decompression, L2 and L3; segmental pedicle screw fixation, L2 and L3; delivery of bilateral longitudinal rods; local bone graft; removal of needle from the spinal canal at L2-L3; repair of dura due to previous epidural needle in the spinal canal by orthopedic surgeon Dr. Jeffrey Deckey, M.D.

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

19. On November 28, 2016, UNUM approved MR. LUZZI's Short Term Disability claim.

20. On December 08, 2016, Dr. Jeffrey Deckey, M.D., orthopedic surgeon, sent UNUM an Attending Physician Statement via facsimile. In this statement, Dr. Deckey listed a diagnosis of spondylolisthesis and noted that MR. LUZZI could not perform any job duties.

21. On December 28, 2016 UNUM wrote MR. LUZZI and confirmed receipt of MR. LUZZI's Long Term Disability claim.

22. On January 9, 2017 Dr. Deckey certified MR. LUZZI's disability to May 15, 2017.

23. On January 23, 2017 MR. LUZZI began physical therapy at ProSport Physical Therapy Laguna Hills as recommended by Dr. Deckey. In the Initial Evaluation, Kevin Aguinaldo, PT noted "He presents to ProSport with limited L/S AROM, hypomobility T4-L2 and L5-S1, pelvic unalignment, decreased core stability, decreased hip muscular strength, decreased L>R LE strength, resulting to inability to WB or ambulate >30mins. S/S consistent with post operations statuses and muscular deconditioning. Skilled physical therapy is indicated to address impairments mentioned previously, prevent secondary complications, and return patient back to his prior level of function. Functional reporting assessment for mobility was done using the ODI with a score of 27/50. Based on these test score(s) the patient has a current limitation of 58%. With continued physical therapy treatment under the Plan of Care the goal is for the patient to reach a projected limitation of <19%."

24. On March 2, 2017, UNUM wrote MR. LUZZI and notified him of the approval of his Long Term Disability claim based on MR. LUZZI's lower back condition.

25. On May 5, 2017, Dr. Deckey certified MR. LUZZI as disabled to September 15, 2017.

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

26. On September 21, 2017, UNUM wrote to MR. LUZZI and notified him that his Long Term Disability will be supported through MR. LUZZI's next office visit in September 2017. UNUM requested additional medical records and certifications of MR. LUZZI's restrictions, limitations and functional capacity from Dr. Deckey, MR. LUZZI's treating physician.

27. On September 22, 2017, Dr. Deckey wrote to UNUM on behalf of MR. LUZZI stating, "Patient is to be temporarily totally disabled for 3 months."

28. On September 26, 2017, MR. LUZZI reported to UNUM that he had no change or improvement in his medical condition and that he had ongoing pain in his neck, shoulder and back. MR. LUZZI stated that he was no longer able to drive a golf ball as he had been able to in the past, had difficulty with bending and twisting, and pain with prolonged walking or sitting.

29. On December 12, 2017, Dr. Deckey wrote to UNUM and certified that MR. LUZZI as disabled through March 2018.

30. On March 2, 2018 Maribelle Kim, M.D., a medical consultant for UNUM, sent Dr. Deckey a form containing the question "Are you in agreement that, apart from his condition of left knee osteoarthritis status post left total knee replacement on 07/29/16, the medical evidence does not support that James Luzzi was/is precluded from 12/12/17 forward from performing sustained full-time (forty hours per week) activities (concurrent with his treatment) which include: Exerting up to 10 lbs of force occasionally, and/or a negligible amount of force, frequently to lift, carry, push/pull; constant sitting with the ability to reposition (shift weight in chair or while standing/stretch for comfort; occasional standing/walking; frequent travel; occasional reaching (at side/desk level and upward/overhead), handling, bilateral fingering?"

31. Dr. Deckey responded to Dr. Kim's question in writing stating, "**No. Patient continues to have low back pain and radiculopathy that is affected with basic movement and activity. His balance and stamina continues to be affected. I**

**believe his knee and back together are limiting his ability to return to work. Physical exam L quadricep 4/5, X-Ray L2-3 instrumentation consolidating, not fully consolidated."**

32.   On March 9, 2018, UNUM wrote MR. LUZZI and wrongfully denied his Long Term Disability claim and notified him that payments would end March 10, 2018.

33.   On March 30, 2018, MR. LUZZI appealed the denial of his claim.

34.   On May 7, 2018, UNUM wrote to MR. LUZZI and unfairly and wrongfully affirmed the decision to deny him benefits under the policy, concluding that he was capable of performing, with reasonable continuity, the substantial and material acts necessary to pursue his usual occupation in the usual and customary way.

35.   MR. LUZZI has performed all of his obligations under the Policy. Despite this, to date, MR. LUZZI has not received all of the benefits he is entitled to under the subject Policy.

36.   For all the reasons set forth above, the decision to deny benefits was arbitrary, capricious, wrongful, unreasonable, and irrational, sorely contrary to the evidence and contrary to the terms of the Plan.

37.   As a direct and proximate result of the Defendants' failure to provide MR. LUZZI with disability benefits, MR. LUZZI has been deprived of said benefits from March 10, 2018 to the present date.

38.   As a further direct and proximate result of the denial of benefits, MR. LUZZI has been required to incur attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

39.   A controversy now exists between the parties as to whether MR. LUZZI was and remains disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and thus she is entitled to benefits from the Plan.

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid MR. LUZZI from March 8, 2018 to the date of judgment herein, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

2. An order determining that MR. LUZZI is entitled to future payments so long as she remains disabled as defined in the Plan;

4. For reasonable attorney fees incurred in this action; and

5. For such other and further relief as the Court deems just and proper.

DATED: August 23, 2018    DONAHUE & HORROW, LLP

MICHAEL B. HORROW
*Attorney for Plaintiff*